## J. W. LACY v. THE STATE.

1—In authenticating the transcript of an appeal, the clerk of the District Court used his private seal or scroll, certifying that there was no seal of his office. *Held*, that the appeal would not be dismissed on the ground that the transcript was not properly authenticated, nor for want of a seal across the tie of the transcript.

2—The indictment charged the defendant with having unlawfully sold "one drink of whisky," less than a quart, without license. The testimony proved the sale of "a dram," but whether of whisky or of other ingredients, was not shown. This court regard the evidence as sufficient to show a violation of the law, and refuse to disturb the conviction.

APPEAL from Erath. Tried below before the Hon. A. B. Norton.

The only witness testified that he went into a house where the defendant kept drugs for sale, and told him he wanted "a good dram;" that the "defendant fixed him up a dram and he drank it," and afterwards handed the defendant a half dollar, and received from him a quarter back. Nothing in the transcript showed what the dram was composed of. The indictment charged the sale of "a drink of whisky."

The jury found the defendant guilty, and assessed his punishment at a fine of fifty dollars. Judgment being rendered on the verdict and a new trial refused, the defendant appealed.

*S. H. Renick*, for the appellant.

*E. B. Turner*, Attorney General, for the State.

LINDSAY, J.—Because the transcript is not attached by seal across the tie; and because there is no seal to the certificate of the clerk of the District Court, a motion is made by the Attorney General to dismiss this appeal.

Rule VII, prescribed by this court in 1847, for the government of the District Courts, does require such sealing over the tie; and Article 1411, District Court Act, Paschal's Digest,

requires that the District Courts of every county shall have a seal for the authentication of all official acts. But it is also provided in the article, until such seal is procured by the County Court of the county, "private seals," which, under the law as it now stands, means "scrolls," may be used. In this case, the clerk appends his certificate to the transcript, which he verifies by his scroll, affirming in the certificate that there is no seal of office. We think this is a sufficient verification of the record under the circumstances. The objection to the failure to seal the tie of the transcript is further answered by Article 1580, Paschal's Digest, which forbids the dismissal of an appeal for want of form, if there is enough in the record to enable the court to decide the case on the merits.

Upon the merits of the case, we can discover no such error as would warrant a reversal. The indictment was sufficient. The testimony was sufficient to show that the defendant had violated the law, by selling spirituous and intoxicating liquor, in quantity less than a quart, without having obtained a license to do so. This, if true, was a positive infraction of the statute. The jury seems to have believed the evidence. The mere fact of the witness failing to analyze the constituent elements of the "dram," which he purchased of the party accused, is a matter of little moment. In common parlance, a "dram" means something that has alcohol in it—something that can intoxicate. It is very questionable whether, in most of the "drams" taken in the present day, if the recipient undertook to discriminate their characters, as a whisky "dram," or as brandy "dram," his critical acumen might not be wide of the mark. The object of the statute is to prevent the sale of intoxicating drinks, unless parties are put under the bonds of a license. The testimony of the witness showed that the law was violated in letter and in spirit; and we will not disturb the verdict.

The judgment of the court below is affirmed.

                                                    Affirmed.